| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christina J. Khil, #266845<br>MALCOLM ♦ CISNEROS<br>2112 Business Center Drive, Second Floor<br>Irvine, California 929612<br>christinao@mclaw.org<br>(949) 252-9400 (Telephone)<br>(949) 252-1032 (Facsimile)<br><br>☒ Attorney for Movant(s)<br>☐ Movant(s) appearing without an attorney | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>Salvador Medina,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:21-bk-16331-SY |
|---|---|
| | CHAPTER: 13 |
| | **DECLARATION OF KISHA WIGGINS RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** |
| | DATE: 05/25/2022<br>TIME: 9:30 a.m.<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street, Riverside, CA 92501 |

I, *Kisha Wiggins*, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. On May 24, 2022, the court entered an adequate protection order "(APO)" conditioning continuation of the automatic stay in the above-entitled bankruptcy case on the performance by the Debtors of certain obligations for the benefit of CitiMortgage Inc., and its successors and/or assignees ("Citi"). A true and correct copy of the APO is attached hereto as Exhibit "A."

3. I have knowledge regarding the Debtor's performance (or lack of performance) under the terms of the Adequate Protection Order because

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012

Page 1

F 4001-1.DEC.DEFAULT.ADEQ

☐ I am the party for whose benefit the Adequate Protection Order was entered (Movant), and the Adequate Protection Order required the Debtor to make payments directly to me.

☐ I am counsel for the Movant and the Adequate Protection Order required the Debtor to make payments directly to me.

☒ I am employed as a(n) __VPDE__ for Cenlar FSB as servicer for Movant and, as such, am one of the custodians of the books, records and files of Movant that relate to payments received from the Debtor. I have personally worked on those books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

☐ Other:

4. The Debtor defaulted upon his/her/its obligations under the Adequate Protection Order by:

☐ Failing to make the payment(s) due _____ under the terms of the Adequate Protection Order.

☐ Failing to provide evidence of the existence of insurance coverage required under the terms of the Adequate Protection Order in a timely manner.

☒ Other: Pursuant to the Adequate Protection Order, the Debtor was to commence making regular monthly payments on June 1, 2022 and to make five (5) equal monthly payments of $671.18 and one (1) payment of $671.22 to cure the post-petition default beginning June 15, 2002 through November 15, 2022. Debtor has failed to maintain the regular monthly payments and stipulation payments resulting in a default totaling $4,362.70 for the June 1, 2022 through August 1, 2022 regular monthly payments and the June 15, 2002 through July 15, 2022 stipulation payments. Debtor has failed to cure this default and further payments have come due since the issuance of the notice of default.

5. ☒ a. Movant served a notice of default ("Notice") on the Debtors and Debtors' Counsel of record identifying the default referenced in paragraph 4. A true and correct copy of the Notice is attached hereto as Exhibit "B."

☐ b. Movant was not required to serve a notice of the default specified in paragraph 4, because the Adequate Protection Order only required Movant to serve a maximum of _____ notices of default and Movant had already served the required number of notices of default (collectively the "Notices") at the time the default specified in paragraph 4 occurred. Copies of all of the Notices are attached hereto as Exhibit "B."

6. Debtor failed to cure the defaults identified in the Notice within the cure period established by the Adequate Protection Order.

7. In light of the foregoing, under the terms of the Adequate Protection Order, Movant is entitled to relief from the automatic stay. Concurrently herewith, Movant is lodging a proposed form of order granting Movant relief from the automatic stay.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10.4.22                Kisha Wiggins                                    /s/ Kisha Wiggins
Date                   Printed Name                                     Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 2                                F 4001-1.DEC.DEFAULT.ADEQ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, CA 92612**

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE and DECLARATION OF KISHA WIGGINS RE: DEFAULT UNDER ADEQUATE PROTECTION ORDER; REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/7/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rod Danielson (TR)    notice-efile@rodan13.com
- Julia Doan    askbk@resurgent.com
- Christina J Khil    christinao@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com
- Rabin J. Pournazarian    rabin@pricelawgroup.com, rabin@pricelawgroup.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 10/7/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Salvador Medina, 11831 Cambridge Street, Adelanto, CA 92301**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/7/2022 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 3                                           **F 4001-1.DEC.DEFAULT.ADEQ**

# EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Christina J. Khil, #266845<br>Malcolm Cisneros, A Law Corporation<br>2112 Business Center Drive, Second Floor<br>Irvine, California 929612<br>(949) 252-9400 (Telephone)<br>(949) 252-1032 (Facsimile)<br>christinao@mclaw.org | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>MAY 24 2022<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason    DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |
|---|---|
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re:<br><br>SALVADOR MEDINA,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:21-bk-16331-SY<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: May 25, 2022<br>TIME: 9:30 a.m.<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street, Riverside CA 92501 |
|---|---|

Movant: CitiMortgage, Inc., and its successors and/or assignees

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation (Docket No. 48)

2. The Motion affects the following real property (Property):

    *Street address:*    11831 Cambridge Street
    *Unit/suite number:*
    *City, state, zip code:*    Adelanto, CA 92301

    Legal description or document recording number (including county of recording):

    2016-0422647, COUNTY OF SAN BERNARDINO

    ☐ See attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 1                                                F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 2     F 4001-1.RFS.RP.ORDER

13. ~~Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).~~

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: May 24, 2022

Scott H. Yun
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                   Page 3                              F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____

2. ☒ The Debtor must make regular monthly payments in the amount of $1,006.78 commencing *(date)* June 1, 2022. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   Cenlar FSB
   425 Phillips Blvd
   Ewing NJ 08618

3. ☒ The Debtor must cure the postpetition default computed through May 2022 in the sum of $4,027.12 (4 payments at $1,006.78 each) as follows:

   a. ☒ In equal monthly installments of $671.18 each commencing *(date)* June 15, 2022 and continuing thereafter through and including *(date)* October 15, 2022.
   
   b. ☒ By paying the sum of $671.22 on or before *(date)* November 15, 2022.
   
   c. ☐ By paying the sum of $_____ on or before *(date)*,
   
   d. ☐ By paying the sum of $_____ on or before *(date)*_____,
   
   e. ☐ Other *(specify)*:

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
   The disclosure statement must be approved on or before *(date)* _____
   The plan must be confirmed on or before *(date)* _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(number)* 3 notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 4                                    F 4001-1.RFS.RP.ORDER

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): The Proof of Claim may be amended in the amount of $1,238.00 to include the attorney fees and costs associated with filing the Motion for Relief.

The hearing on Movant's motion for relief from the automatic stay regarding the real property located at 11831 Cambridge Street, Adelanto CA 92301 [Docket No. 44] scheduled for May 25, 2022 at 9:30 a.m. is vacated.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                           F 4001-1.RFS.RP.ORDER

EXHIBIT "B"

# MALCOLM CISNEROS
## A LAW CORPORATION

August 8, 2022

**VIA REGULAR MAIL**
Rabin J Pournazarian
6345 Balboa Blvd., Suite 247
Encino, CA 91316

**In re: Salvador Medina**
   Bankruptcy Case No. 6:21-bk-16331-SY
   Property Address: 11831 Cambridge Street, Adelanto, CA 92301
   Loan No. XXXXXX0937
   Our File No. B68392-8

To Whom It May Concern,

This letter is to notify you that Cenlar FSB ("Cenlar") servicer CitiMortgage, Inc, and its successors and/or assignees ("Movant") records reflect that your client is in default under the Adequate Protection Agreement Order ("Order"), in the above-referenced proceeding. The sum of $4,362.70 is currently due as outlined on the attached Exhibit "1".

Pursuant to the terms of the Order, in the event your client fails to cure the default or submits a partial payment that does not cure the default in full **within fourteen (14) days** after service, the automatic stay shall be terminated without notice or order of the Court.

Payment should be made in **certified funds**, payable to Cenlar FSB and delivered to the attention of the undersigned at the Irvine, California address listed below.

Sincerely,

Christina J. Khil
Malcolm ♦ Cisneros, A Law Corporation
Attorney for Movant
By Tami Scholtz   /s/ Tami Scholtz

cc: Salvador Medina, 11831 Cambridge Street, Adelanto, CA 92301

Post-Petition Loan History

Debtor(s): Medina  
Case No: 6:21-bk-16331-SY - APO entered 5/24/2022  
Filing Date: 12/21/2021

| Due Date: | Payment Amount: | Stip Amount: | Total Amount Due: | Date Received | Amt Received | Balance Due |
|---|---|---|---|---|---|---|
| Jun-01-22 | $ 1,006.78 | | $ 1,006.78 | | | |
| Jun-15-22 | | $ 671.18 | $ 671.18 | | | $ 1,006.78 |
| Jul-01-22 | $ 1,006.78 | | $ 1,006.78 | | | $ 1,677.96 |
| Jul-15-22 | | $ 671.18 | $ 671.18 | | | $ 2,684.74 |
| Aug-01-22 | $ 1,006.78 | | $ 1,006.78 | | | $ 3,355.92 |
| Totals | $ 3,020.34 | $ 1,342.36 | $ 4,362.70 | | $ - | $ 4,362.70 |
| Outstanding Debt: | | | $ 4,362.70 | | | |

Exhibit 1